**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sydney Stone,<br><br>           Plaintiff,<br><br>    v.<br><br>CJ Derosa, et al.,<br><br>           Defendants. | CV 07-0680-PHX-PGR (CRP)<br><br>**ORDER**<br><br>**<u>NON-DEATH PENALTY</u>** |

      Currently before the Court is the Report and Recommendation of Magistrate Judge Pyle (Doc. 15) based on movants Lappin and Watts' motion for summary judgment. (Doc. 25.) Movants request that this Court reject the Magistrate Judge's recommended denial of their motion for summary judgment and, upon de novo review, grant movants' motion. Having reviewed *de novo* the motion, the Report and Recommendation of Magistrate Judge Pyle, and the movants' objections thereto, the Court finds the following.

      Movants first objection pertains to the fact that Magistrate Judge Pyle did not rule on any of movants' objections to plaintiff's proffer of facts, did not state which of movant's proffered facts were established for Rule 56 purposes and did not make a complete recommendation of proposed factual findings for this Court's de novo review. Based upon the pleadings before him, the Magistrate should have determined what the undisputed facts were. <u>Ball v. Metallurgie Hoboken-Overpelt, S.A.</u>, 902 F.2d 194, 197 (2d Cir. 1990) ("If the defendant asserts in a Rule 56 motion that undisputed facts show the absence of jurisdiction,

the court proceeds, as with any summary judgment motion, to determine if undisputed facts exist that warrant the relief sought.")

Next, Magistrate Pyle found that Director Lappin had by virtue of his position as Director of the Bureau fo Prisons. Specifically, he explained,

> Given that a BOP policy is a critical issue in this case, Defendant Lappin's position as Director of the BOP is sufficient conduct and connection with Arizona that he should reasonably anticipate being hauled into court here ...

R&R, p. 7. This Court disagrees. Instead, it agrees with movants' conclusion that doing so violates the "traditional notions of fair play and substantial justice" which is the foundation of a federal court's exercise of personal jurisdiction. See Miller v. Meyer, 311 U.S. 475, 463 (1940). If this Court accepted Magistrate Pyle's recommendation, the result would inevitably open the floodgates to universal jurisdiction by federal courts. Stroman Realty, Inc. v. Antt, 528 F.3d 382, 386 (5th Cir. 2008).

Magistrate Judge Pyle proposed that the head of a federal agency in Washington, D.C. is subject to suit based upon specific jurisdiction in any judicial district in the country where an agency regulation purportedly caused a constitutionally tortious effect upon plaintiff even though there may be no evidence the federal official had any specific knowledge of or involvement with the plaintiff in any manner. This principle has been rejected by courts all over the country. Stine v. Lappin, 2009 WL 103659 *6 (D. Colo. 2009); Oksner v. Blakey, 2007 WL 3238659 *8-9 (N.D. Cal. 2007); Moss v. United States Secret Service, 2007 WL 2915608 *18-19 (D. Ore. 2007); Mahmud v. Oberman, 508 F. Supp. 2d 1294, 1302 (N.D. Ga. 2007); Kronisch v. United States, 1997 WL 907994 *18 (S.D. N.Y. 1997); McCabe v. Basham, 450 F. Supp.2d 916, 926-27 (N.D. Iowa 2006).

Magistrate Judge Pyle further opines that Lappin "enforced" the BOP policy based upon his official capacity and his "overall control of BOP policies". However, such is a determination based upon Director Lappin's official capacity. A Bivens action is maintainable only due to *individual* acts, not *official* capacity acts. Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987); see Vaccaro v. Dobre, 81 F.3d 854, 856 (9th Cir. 1996)

1 ("[A] Bivens action is, by definition, against defendants in their individual and not their
2 official capacity".)

3 　　　As to Watts, Magistrate Judge concluded that "as Administrator of National Inmate
4 Appeals, (he) has ultimate authority to grant or deny inmate appeals" and "[b]ecause Watts'
5 denial was the result of the policy, it is a significant contact and sufficient to be the basis of
6 personal jurisdiction". R&R, p. 3 and 8. However, this Court finds significant that the
7 "denial" was a single event, occurring outside the State of Arizona, nine months after the
8 package at issue in this case was rejected by an FCI Phoenix employee and in response to an
9 unsolicited grievance made by an inmate to Watts at his out-of-state business location. The
10 record contains no evidence of any contact between plaintiff Stone and movant Watts. "[A]
11 high degree of relationship is needed where there is only one contact with the forum state.
12 In order to support jurisdiction with only one forum state contact, the cause of acting must
13 arise out of that particular purposeful contact of the defendant with the forum state". Lake
14 v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). However, no such relationship exists.  Watts
15 merely responded by an out-of-state act to an unsolicited grievance appeal submitted to him
16 by an inmate who happened to be in Arizona. It is the opinion of this Court that the single
17 out-of-state act by Watts does not amount to  a purposeful availment of Watts into the State
18 of Arizona. Terracom v. Valley National Bank, 49 F.3d 555, 560 (9th Cir. 1995); Swisher
19 v. Collins, 2008 WL 687305 *17 (D. Idaho 2008); Technical Witts, Inc. v. Skynet Electronic
20 Co.,LTD., 2007 WL 809856 *4-5 (D. Ariz. 2007); see Hannon v. Beard, 524 F.3d 275,
21 281-82 (1st Cir. 2008) (Limited interactions between Pennsylvania prison librarian and
22 Massachusetts prisoner who requested legal materials from her held insufficient contacts to
23 justify personal jurisdiction over her in prisoner's First Amendment action).

24 　　　Significantly,  Magistrate Pyle's Recommendation does not address how this single
25 contact not with Plaintiff -who doesn't even live in Arizona- gave rise to Plaintiff's Bivens
26 cause of action. Terracom, 49 F.3d at 561 ("The second prong of the specific jurisdiction test
27 is met if "but for" the contacts between the defendant and the forum state, the cause of action
28

would not have arisen"); see <u>Arensdorf v. Everson</u>, 2008 WL 2229745 *3 (S.D. Tex. 2008) (Vague assertions that defendants maintained contacts with Texas through internet mail, telephone and property leases do not explain how these purported contacts gave rise to plaintiff's Bivens causes of action).

Again, Watts' "contact" was nine months after the rejection of the book for which plaintiff seeks compensatory and punitive damages. Such "post-incident" contacts are accorded "little weight". <u>Farmers Ins. Exchange v. Portage La Prairie Mutual Ins. Co.</u>, 907 F.2d 911, 913 (9th Cir. 1990) ("Only contacts occurring prior to the event causing the litigation may be considered."); see <u>Smith v. Bull Mountain Coal Properties</u>, 2008 WL 1733359 (D. Mont. 2008) (relying on Farmers Ins. Exchange to dismiss on personal jurisdiction grounds where defendant executed agreement seven months after the event which served as the basis of the litigation). For this Court to hold that an after-the-fact decision by the National Inmate Appeals Administrator on an inmate grievance was a sufficient basis for personal jurisdiction, it would be providing a forum-choice tool by which any FCI inmate anywhere in the country could bring suit in his/her local district court, regardless of any other basis for the exercise of personal jurisdiction over the Washington D.C. official. Under the concepts of fair play and substantial justice that are the tests for specific jurisdiction, such an exercise of personal jurisdiction is untenable. The lack of significant contact does not justify this Court's exercise of personal jurisdiction.

With regard to Count II of Plaintiff's Complaint, "the Ninth Circuit has not adopted a conspiracy theory of personal jurisdiction, and district courts within the Ninth Circuit have rejected it." <u>Hilsenrath v. Equity Trust (Jersey) Ltd.</u>, 2008 WL 728902 *4 n.5 (N.D. Cal. 2008). Furthermore, this Court has rejected it. <u>Karsten Manufacturing Corp. v. United States Golf Ass'n</u>, 728 F. Supp. 1429, 1434 (D. Ariz. 1990). Thus Plaintiff's allegation that movants, together with co-defendant DeRosa, "conspired to violate" her First Amendment right to mail books to a prisoner is DENIED.

Finally, as to *respondeat superior*, Magistrate Judge Pyle relies on <u>Hydrick v.</u>

4

1 Hunter, 500 F.3d 978 (9th Cir. 2007) to recommend that movants' motion be denied insofar
2 as it alleges that plaintiff's claim was an impermissible assertion of *respondeat superior*
3 liability. In Hydrick, the court was faced with determining whether plaintiffs had properly
4 plead a claim, in their motion to dismiss.  In the case at hand, movants have proceeded by
5 way of a motion for summary judgment, and, because the burden of persuasion at trial would
6 be on the plaintiff, movants have satisfied their burden under Rule 56(c) by introducing
7 evidence negating an essential element of the nonmoving party's case. Sciranko v. Fidelity
8 & Guar. Life Ins. Co., 503 F. Supp. 2d 1293, 1306 (D. Ariz. 2007). In other words, Plaintiff's
9 conclusory and speculative assertions are insufficient to raise a genuine issue of material fact
10 necessary to defeat summary judgment.  Id. Director's Lappin's status as Director of the
11 Bureau of Prisons, without evidence that he *personally approved or participated in* the acts
12 complained of by the plaintiff does not render him liable under a Bivens theory for the
13 alleged unconstitutional acts of officials at the FCI Phoenix. Tucker v. Clinton, 1996 WL
14 761941 (D.C. Cir. 1996) (citing Cameron v. Thornburg, 983 F.2d 253, 258 (D.C. Cir. 1993));
15 Pinson v. Norwood, 2008 WL 2323895 *5 (C.D. Cal. 2008). Likewise, Watts denied an
16 inmate's grievance nine months after an FCI Phoenix employee rejected delivery of the
17 package allegedly containing a book. The grievance was not submitted by Plaintiff and there
18 is no evidence that Watts knew who sent the package to the inmate or that Watts had any
19 contact with Plaintiff.
20        Consequently, the Court finds that Plaintiff has wholly failed to establish that movants
21 had sufficient contacts with Arizona such that exercising personal jurisdiction would not
22 offend traditional notions of fair play and substantial justice.
23        Accordingly,
24        IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation
25 is **REJECTED**.

1  IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is
2  GRANTED. (Doc. 25.)
3  DATED this 25th day of March, 2009.

Paul G. Rosenblatt
United States District Judge